UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY           :
COMMISSION,                            : Civil Action No. 07-cv-2221 (AKH)
                                       :
       Plaintiff,                      : ECF CASE
                                       :
-against-                              : COMPLAINT
                                       :
BLOCKBUSTER INC.,                      :
                                       : JURY TRIAL DEMAND
       Defendant.                      :
-------------------------------------------------------------x
```

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of national origin, color, and/or retaliation, and to provide appropriate relief to Judson Areza, Hasan Gafur, Masud Hussain, and Saila Sultana, who were adversely affected by such unlawful practices. As alleged with greater specificity in paragraph seven (7) below, the Equal Employment Opportunity Commission ("Plaintiff" or "Commission") charges that defendant Blockbuster Inc., ("Defendant") discriminated against Gafur, Hussain, and Sultana by terminating them because of their national origin, Bangladeshi, and in retaliation for engaging in the protected activity of opposing conduct or practices they reasonably believed to be discriminatory. The Commission also alleges that Areza was terminated in retaliation for his opposition to the lack of disciplinary action taken against an employee who subjected Sultana to verbal harassment on the basis of her national origin. Finally, the Commission claims that Defendant subjected Hussain and Sultana to

a hostile work environment on the basis of their Bangladeshi national origin, and Sultana, because of her color (dark-skinned).

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the Southern District of New York.

**PARTIES**

3. The Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a company doing business in the State of New York and the city of New York, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

**STATEMENT OF CLAIMS**

6. More than thirty days prior to the institution of this lawsuit, Judson Areza, Hasan Gafur, Masud Hussain, and Saila Sultana, filed charges with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least 2002, Defendant has engaged in unlawful employment practices in violation of Sections 703 and 704 of Title VII, 42 U.S.C. §§ 2000e-2(a) and 3(a), including but not limited to the following:

    a. Hasan Gafur, who is of Bangladeshi national origin, was hired by Defendant in or about January 2002 as a Store Manager in Training.

    b. Gafur became a Store Manager in or about May 2002 and a District Store Training Manager in or about January 2003.

    c. Gafur's managers, including but not limited to the Regional Director of Operations and the Human Resources Manager, made disparaging comments to Gafur about his national origin, including but not limited to suggesting that he was a terrorist by stating that he might have a bomb hidden in his jacket.

    d. On another occasion, when Gafur was with other employees from Bangladesh and/or other East Asian countries, Gafur's Regional Director of Operations made the comment "here comes the Muslim group."

    e. Gafur objected to the comments made by his managers.

    f. In or about February 2003, Defendant terminated Gafur on the basis of his national origin and in retaliation for objecting to the discriminatory

3

comments made to him about his national origin by his Regional Director of Operations and Human Resources Manager.

  g. Masud Hussain, who is of Bangladeshi national origin, was hired by Defendant in January 2000 as a District Manager.

  h. On numerous occasions throughout his employment, Hussain told his Regional Human Resources Manager that there should be more ethnic and racial diversity in Defendant's workforce.

  i. Hussain's managers, including but not limited to his Regional Director of Operations and Human Resources Manager, subjected Hussain to a hostile work environment in that they made offensive comments to Hussain about his national origin, including but not limited to referring to him as "King Hussain," and suggesting that he was a terrorist by joking that he should remove his shoes as part of an airport security check during a trip to Dallas in or about May 2003.

  j. Hussain objected to the disparaging comments made to him by his managers about his national origin.

  k. Beginning in or about June 2003, Hussain's managers issued numerous verbal and written warnings to him in retaliation for engaging in the protected activities described above in paragraphs g and i.

  l. Defendant terminated Hussain in or about December 2003 because of his national origin and in retaliation for opposing hiring practices he believed to be discriminatory and objecting to offensive comments made to him about his national origin.

m. Saila Sultana was hired by Defendant in or about April 2002 as an Assistant Store Manager.

n. Sultana became a Store Manager in approximately March 2003.

o. Sultana was subjected to a hostile work environment by her immediate managers, including but not limited to her District Leader in Staten Island, who made numerous offensive comments about her national origin, Bangladeshi, and color (dark-skinned), and by the Regional Director of Operations and Human Resources Manager, who repeatedly failed to take appropriate corrective measures when she reported being harassed by being subjected to derogatory comments about her national origin and skin-color.

p. Sultana reported her Staten Island District Leader's unlawful conduct to the Regional Human Resources Manager in or about November 2003 and filed a charge with the Commission in December 2003.

q. Beginning around January 2004, Sultana took an FMLA leave.

r. Sultana attempted to return from her FMLA leave beginning in February 2004 but Defendant did not allow her to return.

s. Defendant terminated Sultana in or about April 2004 because of her national origin and in retaliation for complaining about being subjected to national origin harassment and for filing a charge of discrimination with the Commission.

t. Judson Areza, who is of Filipino national origin, was hired by Defendant in or about June 2002 as an Assistant Store Manager in Training.

u. Areza became a Store Manager in or about August 2002 and a District Training Store Manager in or about May 2003.

   v. During the summer of 2003, Saila Sultana, a Store Manager in Training, informed Areza that a co-worker had called her a "stupid Indian" and said she smelled like "Indian spice."

   w. Areza reported the employee who made the comments to Sultana to his managers, the Regional Director of Operations and Human Resources Manager.

   x. Areza's Regional Director of Operations and Human Resources Manager transferred the employee about whom Sultana and Areza complained to another location.

   y. Areza objected to the fact that no disciplinary action was taken by his managers against the employee who subjected Sultana to verbal harassment.

   z. In or about September 2003, Areza was terminated by the Regional Director of Operations and Human Resources Manager in retaliation for his opposition to their failure to adequately discipline the employee who made offensive remarks to Sultana about her national origin.

 8. The effect of the practices complained of above has been to deprive Judson Areza, Hasan Gafur, Masud Hussain, and Saila Sultana of equal employment opportunities and to otherwise adversely affect their status as employees on the basis of national origin and for Sultana, her color, and retaliation.

 9. The unlawful employment practices complained of above were and are intentional.

 10. The unlawful employment practices complained of above were and are done with malice or with reckless indifference to the federally protected rights of Judson Areza, Hasan Gafur, Masud Hussain, and Saila Sultana.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in employment practices which discriminate on the basis of national origin, color, and retaliation.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees and which eradicate the effects of Defendant's past and present unlawful employment practices.

C.  Order Defendant to make whole Judson Areza, Hasan Gafur, Masud Hussain, and Saila Sultana by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, front pay and reinstatement.

D.  Order Defendant to make whole Judson Areza, Hasan Gafur, Masud Hussain, and Saila Sultana by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.  Order Defendant to make whole Judson Areza, Hasan Gafur, Masud Hussain, and Saila Sultana by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including pain, suffering and humiliation, in amounts to be determined at trial.

      F.     Order Defendant to pay Judson Areza, Hasan Gafur, Masud Hussain, and Saila Sultana punitive damages for Defendant's malicious and reckless conduct in amounts to be determined at trial.

      G.     Grant such further relief as the Court deems necessary and proper in the public interest.

      H.     Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

_____
Elizabeth Grossman (EG 2478)
Regional Attorney

_____
Adela Santos (AS 4429)
Trial Attorney

Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street, 5th Floor
New York, N.Y. 10004
(212) 336-3695
(212) 336-3623 (facsimile)